Richard L. O'Rourke, Esq. Town Attorney, Southeast
You have asked whether one person may serve simultaneously as the administrative assistant to the town planning board and as a member of the town board. Also, you inquire whether any incompatibility can be overcome by local law.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
You have informed us that the administrative assistant to the planning board reports to the planning board and has wide ranging administrative duties including coordination and dissemination of information relating to environmental quality review and in relation to mandatory referrals under section 239 of the General Municipal Law. Generally, the administrative assistant coordinates submissions of applicants for development of commercial and residential property in the town and performs miscellaneous clerical duties.
The town board is both the administrative and legislative arm of town government. Employees of the town are under the supervision and control of the town board. The town board is responsible for the determination of compensation paid to town employees and evaluates job performance.
Thus, we believe that the position of administrative assistant to the planning board and member of the town board are incompatible since one position is subordinate to the other (1984 Op Atty Gen [Inf] 84, 102). In his status as town board member, the individual would be responsible for establishing his own compensation as administrative assistant and ultimately would be responsible for supervising himself (ibid.). While the planning board may have day-to-day supervision of the administrative assistant, the town board appoints planning board members (Town Law, § 271). There would at least be an appearance that this supervision is not being exercised impartially if the person serving as administrative assistant is also a member of the town board.
We have concluded that under limited circumstances a town board, in determining public policy on behalf of the town, may enact a local law superseding the common law doctrine of compatibility of office (1984 Op Atty Gen [Inf) 102; 1983 Op Atty Gen [Inf] 155). For example, in a rural municipality there may be too few residents willing to serve the government or no one willing to serve who possesses the required expertise. In these situations, the town board may find it necessary, in furthering the public interest, to establish an exception to the common law rule of compatibility of office. We emphasize, however, that the public interest must be served by any such local law.
In considering such a local law, it is necessary that the town board weigh the incompatibility against the public benefit to be derived from retention of the employee. In our view, the perception of the person as a valued and competent employee is an insufficient basis for retention if there are other competent persons willing to serve.
We conclude that the positions of administrative assistant to the planning board and town board member are incompatible.